UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAMS, § | | |
| TDCJ #738507, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-0710 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice– § | | |
| Correctional Institutions Division, § | | |
| | | |
| Respondent. | | |

## MEMORANDUM AND ORDER

The petitioner, Charles Williams (TDCJ), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively "TDCJ"). Williams seeks a writ of habeas corpus challenging a state conviction under 28 U.S.C. § 2254. After reviewing the pleadings, Williams' litigation history, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for the reasons set forth below.

### I.    BACKGROUND

Williams alleges that he was coerced into accepting a plea bargain agreement regarding a murder charge in 1995. The court records show that he was

found guilty of the charge and sentenced to thirty years imprisonment in the TDCJ. *State v. Williams*, No. 94-9406948 (185th Dist. Ct., Harris County, Tex. Nov. 30, 1995). The Fourteenth Court of Appeals affirmed the conviction. *Williams v. State*, 964 S.W.2d 747 (Tex. App.–Houston [14th Dist.] 1998). The Texas Court of Criminal Appeals denied his petition for discretionary review ('PDR') on September 30, 1998. *Williams v. State*, PDR No. 0686-98.

On September 22, 2004, Williams filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254. The federal district court found that there were no further appeals or state post conviction challenges pursuant to article 11.07 of the Texas Code after the PDR was refused. *Williams v. Dretke*, Civil No. H-04-3799 (S.D. Tex.). Consequently, the court dismissed the petition as untimely pursuant to 28 U.S.C. § 2244(d) because it was filed more than one year after the conviction was final. *Id.*

Williams claims that he filed a motion for DNA testing in state district court on June 23, 2003, and that the trial court appointed attorney Jeffrey Hale to represent him on June 27, 2003. Doc. #1, at 2. Six years later, Hale withdrew from the case on November 5, 2009, and was replaced by attorney Kelly Smith on November 9, 2009. Williams states that the trial court ordered DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure on October 11, 2010. Williams further states that when the DNA testing on fifteen items was

completed two years later, all but two of the items exonerated him. The two items were Williams's shoes which had the victim's DNA on them. Doc. #1, at 2. Williams contends that the evidence does not implicate him because it is consistent with his statements to law enforcement officials that he did make an examination to see if the victim was still conscious. However, the trial court disagreed and held that Williams failed to show that it was reasonably probable that he would not have been convicted for murder if the DNA results had been available before or during his trial in cause number 9406948. *Id.* at 11. Williams seeks retesting of the DNA sample by the Federal Bureau of Investigation's laboratories in Quantico, Virginia or some other forensic laboratory agreed upon by the parties.

## II.   DISCUSSION

Williams's federal habeas petition is subject to the gate keeping provisions of the Antiterrorism and Effective Death Penalty Act ('AEDPA') which requires advance permission from the appropriate court of appeals before a second or successive petition can be filed in district court. 28 U.S.C. 2244(b)(3)(A); *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003), (citing *United States. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). This prevents repeated habeas filings which challenge the same underlying conviction. *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) (citing *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).

Under Chapter 64 of the Texas Code of Criminal Procedure, Williams has an enforceable right to DNA testing. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011); *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-73 (2009). However, the trial court granted Williams's motion for DNA testing and concluded that the results did not exonerate him. Having previously filed a federal petition which was rejected, Williams must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another petition in district court regarding the outcome of the DNA test. *See Landrigan v. Trujillo*, 623 F.3d 1253, 1258 (9th Cir. 2010). Without such authorization, this action must be dismissed for lack of jurisdiction. *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

The Court notes that Williams filed this action pursuant to 28 U.S.C. § 2241 which is the general habeas statute. It is possible that he drafted his petition in this manner to evade section 2244(b)(3)(A)'s restrictions against successive petitions. However, there is only one "gate" to federal habeas relief from state custody which is available under 28 U.S.C. § 2254. *Rittenberry v. Morgan*, 468 F.3d 331, 337-38 (6th Cir. 2006). Williams must comply with the provisions of section 2244(b)(3)(A) regardless of how he presents his new challenge to the state court's ruling. *See Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011). This Court

dismisses this proceeding for lack of jurisdiction because the Fifth Circuit has not granted authorization. *Key*, 205 F.3d at 775.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997). This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008). This Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. *Resendiz v. Quarterman*, 454 F.3d 456 (5th Cir. 2006). Accordingly, to the extent that one is needed, a certificate of appealability will not be issued in this case.

## IV.     CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in jurisdiction, the Court **ORDERS** as follows:

1. This habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum and Order to the petitioner; and a copy of the petition and this Memorandum and Order to the Attorney General of the State of Texas.

SIGNED at Houston, Texas on April 4, 2013.

_____
Nancy F. Atlas
United States District Judge